IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **JO ANN MONTEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION V-09-56** |
| **MICHAEL J. ASTRUE,** | § | |
| **Commissioner,** | § | |
| **Social Security Administration,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court are Plaintiff Jo Ann Montez' ("Plaintiff") and Defendant Michael J. Astrue's ("the Commissioner") cross motions for summary judgment. (Dkt. Nos. 8 & 10.) Having considered the motions, responses, record, and applicable law, the Court finds that Plaintiff's motion should be **GRANTED** and Defendant's motion should be **DENIED**.

**I. Background**

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to review the decision of the Commissioner denying Plaintiff's application for supplemental security income. Plaintiff was 41 years old at the time she applied for benefits. (Tr. 91.)[1] Plaintiff quit high school in the ninth grade but later received her General Equivalency Diploma (GED). (Tr. 27.) She also attended less than one semester at Victoria College. (*Id.*)

Plaintiff filed her application for benefits on May 30, 2006, alleging that she had been disabled since July 30, 2003, due to a tumor, carpal tunnel syndrome, rheumatoid arthritis, gallbladder problems, asthma, ulcers, depression, and panic attacks. (Tr. 8, 91—93, 110.) Her claims were denied by the Commissioner and again on reconsideration. (Tr. 56, 63.) Plaintiff had a

_____

1. Citations to "Tr." refer to the administrative transcript (Dkt. No. 4).

hearing before an Administrative Law Judge (ALJ) on July 9, 2008, at which two medical experts (MEs) and a vocational expert (VE) testified. (Tr. 8, 23.) Plaintiff appeared at the hearing with her attorney, Alex Garcia, and also testified. (Tr. 23.)

The ALJ issued an opinion on August 27, 2008 finding that Plaintiff was not under a disability within the meaning of the Social Security Act. (Tr. 8.) Plaintiff, by attorney John R. Heard, requested review of the ALJ's decision by the Appeals Council. (Tr. 18.) The Appeals Council denied Plaintiff's request on June 19, 2009, at which time the ALJ's determination became the final decision of the Commissioner. (Tr. 1.) Plaintiff filed this action on August 26, 2009, seeking review of the Commissioner's final decision.  (Dkt. No. 1.)

**II. Standard**

The Court's review of the Commissioner's final decision to deny disability benefits is limited to two issues: (1) whether substantial record evidence supports the decision, and (2) whether proper legal standards were used to evaluate the evidence.  *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

If the findings of fact contained in the Commissioner's decision are supported by substantial evidence, they are conclusive and this Court must affirm. The widely accepted definition of "substantial evidence" is more than a mere scintilla, but less than a preponderance.  *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  In applying this standard, the Court is to review the entire record, but it may not reweigh the evidence, decide the issues de novo, or substitute the Court's judgment for the Commissioner's. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).  Only if no credible evidentiary choices of medical findings exist to support the

2

Commissioner's decision should the Court overturn it.  *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).  The Court reviews the legal standards applied by the Commissioner de novo.

To claim entitlement to disability benefits, a claimant must show that he was disabled on or before the last day of his insured status.  *Demandre v. Califano*, 591 F.2d 1088 (5th Cir. 1979).  The legal standard for determining disability under the Act is whether the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  To determine whether a claimant is capable of performing any "substantial gainful activity," the regulations provide that the Commissioner should evaluate disability claims according to the following sequential five-step process:

(1) A claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are.

(2) A claimant will not be found to be disabled unless he has a "severe impairment."

(3) A claimant whose impairment meets or is equivalent to an impairment listed in an Appendix to the regulation will be considered disabled without the need to consider vocational factors.

(4) A claimant who is capable of performing work he has done in the past must be found "not disabled."

(5) If the claimant is unable to perform his previous work as a result of his impairment, then factors such as age, education, past work experience, and residual functioning capacity must be considered to determine whether he can do other work. *See* 20 C.F.R. § 404.1520(b)—(f); *see also Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994).

To be entitled to benefits, a claimant bears the burden of proving that he is unable to engage in substantial gainful activity within the meaning of the Social Security Act.  *See Wren v. Sullivan*,

925 F.2d 123, 125 (5th Cir. 1991).  The claimant must show that he suffers from a mental or physical impairment that not only renders him unable to perform his previous work, but, given his age, education, and work experience, prevents him from engaging in any other kind of substantial gainful work that exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  *Johnson v. Harris*, 612 F.2d 993, 997 (5th Cir. 1980). However, if the claimant can show that he can no longer perform his previous job, the burden then shifts to the Commissioner to show that there exists some other form of substantial gainful employment the claimant can perform.  *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980). By judicial practice, this translates into the claimant bearing the burden of proof on the first four of the above steps and the Commissioner bearing the burden on the fifth.  *See Brown*, 192 F.3d at 498; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  The analysis stops at any point in the five-step process upon a finding that the claimant is or is not disabled. *See Greenspan*, 38 F.3d at 236.

**III. Analysis**

Following Plaintiff's July 9, 2008 hearing, the ALJ evaluated Plaintiff's disability claim according to the aforementioned five-step process and issued the following Findings of Fact and Conclusions of Law:

> 1. The claimant has not engaged in substantial gainful activity since May 30, 2006, the application date (20 CFR 416.920(b) and 416.971 *et. seq.*).
>
> 2. The claimant has the following severe impairments: status post removal of benign nasopharynx region and sinus area tumor and conduction hearing loss associated with fluid in the left middle ear (20 CFR 416.920(c)).
>
> . . .
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

. . .

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except for occasional handling, grasping and fingering and the need for a sit/stand option. She does not have a mental impairment, per se, but she functions in the low average to average range of intelligence consistent with her education and the undersigned finds she can understand, remember and carry out simple instructions, make simple decisions, attend and concentrate for extended periods, interact adequately with coworkers and supervisors, and respond appropriately to changes in a routine work setting.

. . .

5. The claimant has no past relevant work (20 CFR 416.965).

. . .

9. Considering the claimant's age, education, work experience, and residual function capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.960(c), and 416.966).

. . .

10. The claimant has not been under a disability, as defined in the Social Security Act, since May 30, 2006, the date the application was filed (20 CFR 416.920(g)).

(Tr. 10—16.)

Plaintiff now asks the Court to reverse the ALJ's decision on the grounds that the ALJ's Step Five finding that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform is unsupported by substantial evidence because: (1) the ALJ failed to resolve conflicts between the VE's testimony and information in the DICTIONARY OF OCCUPATIONAL TITLES (DOT); (2) the ALJ's hypothetical question to the VE was defective.

**A. The ALJ failed to identify and resolve conflicts between the VE's testimony and information in the DICTIONARY OF OCCUPATIONAL TITLES (DOT), and the error was prejudicial.**

Plaintiff first argues that the ALJ's decision should be reversed because the ALJ relied on the VE's erroneous testimony to find Plaintiff "not disabled" at Step Five.

The ALJ found that Plaintiff retained the residual functional capacity (RFC)[2] to perform "light work as defined in 20 CFR 416.967(b) except for occasional handling, grasping[,] and fingering . . . ." (Tr. 13.) Social Security Ruling (SSR) 96-9p explains that "occasionally" means "occurring from very little up to one-third of the time." SSR 96-9p, 1996 WL 374185, *3. The VE testified that an individual with Plaintiff's RFC could perform work as a stock checker, storage clerk, or baby stroller rental clerk, and that all three occupations are consistent with *occasional* handling, grasping, and fingering. (Tr. 47—48.) However, the DOT states that for all three positions, reaching and handling are required *frequently*, meaning "from 1/3 to 2/3 of the time." *See* DOT No. 295.367-026, 1991 WL 672594; DOT No. 295.367-014, 1991 WL 672591; DOT No. 221.587-010, 1991 WL 672051. Thus, all three jobs identified by the VE demand more handling than Plaintiff has the ability to perform.

Occupational evidence provided by a VE generally should be consistent with the occupational information supplied by the DOT, and SSR 00-4p imposes a duty on the ALJ to identify and resolve any conflict between the VE's testimony and the DOT. SSR 00-4p, 2000 WL 1898704, *2 ("[B]efore relying on VE or VS evidence to support a disability determination or decision, our adjudicators must: Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs . . . and information in the [DOT], . . . and [e]xplain in the determination or decision how any conflict that has been identified was resolved."). Thus, although an ALJ may rely on VE testimony that conflicts with information in the DOT, the ALJ must explain in his decision how he resolved this conflict. *Bean v. Barnhart*, 454 F. Supp. 2d 616, 622 n.15 (E.D. Tex. 2006) (quoting SSR 00-4p).

The Commissioner contends that Plaintiff is precluded from raising this issue on appeal because her attorney failed to elicit testimony from the VE concerning the conflict between the

---

2. "Residual functional capacity" (RFC) refers to the greatest capacity of an individual to do work despite any limitations. 20 C.F.R. § 416.945(a)(1).

VE's testimony and the DOT. However, SSR 00-4p explicitly states that identifying such conflicts and eliciting such testimony is "part of the adjudicator's duty to fully develop the record." SSR 00-4p, 2000 WL 1898704, *2. Here, the ALJ did ask the VE whether her testimony conflicted with DOT information, but the VE erroneously stated that it did not. (Tr. 48.) The Fifth Circuit has recognized that "a vocational expert's erroneous characterization of the exertional level or skills required to perform a particular job calls into question both the probative value and reliability of the expert's testimony." *Carey v. Apfel*, 230 F.3d 131, 147 (5th Cir. 2000). Likewise, a discrepancy between the ALJ's determination of the claimant's RFC and the VE's testimony that the claimant can perform certain identified jobs with inconsistent skill requirements "may require remand for further exploration." *Id.*

Here, because no conflict was recognized, neither the ALJ nor the VE identified a "reasonable explanation" for crediting the VE over the DOT, and the ALJ did not articulate in his decision how he resolved this conflict. However, even in light of this procedural error by the ALJ, if Plaintiff's substantive rights have not been affected, then the error is considered harmless and the ALJ's decision will be affirmed. *Audler v. Astrue*, 501 F.3d 446, 448—49 (5th Cir. 2007). To establish prejudice, the "claimant must demonstrate that he or she 'could and would have adduced evidence that might have altered the result.'" *Carey*, 230 F.3d at 142 (quoting *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)).

Had the ALJ fulfilled his affirmative duty imposed by SSR 00-4p to "[i]dentify . . . any conflicts," the ALJ would have found that all three jobs identified by the VE require a greater level of upper extremity use than Plaintiff could perform. As a result, Plaintiff would likely have been found unable to perform these jobs. It is possible that had the VE been aware of the conflict between her testimony and the DOT, she may have offered a "reasonable explanation" for this discrepancy, and the ALJ may have found that Plaintiff was nonetheless able to perform these jobs.

However, Plaintiff need not establish unequivocally that a different decision would have been reached; she simply must show that the result might have changed. *Carey*, 230 F.3d at 142.

Accordingly, the Court finds that the ALJ's failure to identify and resolve conflicts between the VE's testimony and information in the DOT was prejudicial and requires remand.

### B. The ALJ's hypothetical question to the VE was defective, and the error was prejudicial.

Plaintiff next complains that the ALJ's hypothetical to the VE at Step Five was defective because it did not incorporate all of her disabilities as recognized by the ALJ.

At Step Two, the ALJ identified Plaintiff as suffering from the following severe impairments: "status post removal of benign nasopharynx region and sinus area tumor and conduction hearing loss associated with fluid in the left middle ear." (Tr. 10.)  In finding these impairments severe, the ALJ specifically found, "These impairments affect [Plaintiff's] ability to do some basic work related activities . . . ."  However, the ALJ's hypothetical to the VE was limited to whether Plaintiff could perform light work with a sit/stand option and occasional handling. (Tr. 47.) The hypothetical did not provide for any restrictions related to Plaintiff's hearing loss and/or other symptoms associated with the tumor and its removal.

The Fifth Circuit has "held that '[u]nless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ, . . . a determination of non-disability based on such a defective question cannot stand.'" *Bordelon v. Barnhart*, 161 Fed. Appx. 348, 353 (5th Cir. 2005) (quoting *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994) and citing *Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001)) (elipses in *Bordelon*). If the ALJ does not incorporate into his hypothetical all impairments he has found to be severe, such procedural error is *per se* prejudicial, and the "precise remedy" to be followed in this circuit is "remanding the matter for a proper hypothetical question." *See Id.* (citing *Bowling*, 36

F.3d at 436—38 (remand ordered where ALJ's questioning of vocational expert was defective); *Boyd*, 239 F.3d at 708 (remand ordered due to ALJ's reliance on defective hypothetical question).

Because the VE's testimony was based on incomplete information, the ALJ could not rely on that testimony to determine that Plaintiff was not disabled. Thus, the Court finds that remand is necessary to allow the ALJ to correct the deficiency in the hypothetical.

**IV. Conclusion**

For the reasons set forth above, the Court finds there is not substantial evidence on the record to carry the Commissioners' burden at Step Five to prove there is other work Plaintiff can perform in light of her age, education, work experience, and physical RFC.

Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. No. 10) is **GRANTED;** the Commissioner's Motion for Summary Judgment (Dkt. No. 8) is **DENIED**; the decision of the ALJ is **REVERSED**, and this matter is **REMANDED** to the ALJ to reconsider his decision at Step Five. *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

It is so **ORDERED**.

Signed this 4th day of January, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE
